# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-527V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>GARY SCHILLING,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                 Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br>Filed: June 1, 2022 |

*Ronald C. Homer,* Conway Homer, P.C., Boston, MA, for Petitioner.

*Ronalda E. Kosh,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On April 29, 2016, Gary Schilling filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] He alleged that he experienced reactivation of a latent varicella zoster virus ("VZV") infection, leading to shingles and associated encephalomyelitis, due to his receipt of an influenza ("flu") vaccine on October 16, 2013. (ECF No. 1) ("Pet.") at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was litigated over several years, and after reviewing the evidence I determined that the matter could be efficiently and fairly resolved by ruling on the record, inviting briefing on the claim from the parties. I subsequently issued a decision denying entitlement to compensation. *See* Decision, dated March 17, 2022. ECF No. 37 (the "Decision"). Petitioner did not opt to appeal my determination.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 16, 2022 (ECF No. 62). Petitioner requests a total of $52,280.46 in attorney's fees and costs ($36,305.90 in fees, plus $15,974.56 in costs) for the work of multiple attorneys, including Mr. Ronald Homer, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Mr. Joseph Pepper, Mr. Patrick Kelly, Ms. Lauren Faga, law clerks and paralegals, from May 2014 to the present date. ECF No. 38 at 25. Respondent reacted to the fees request on May 31, 2022. *See* Response, May 31, 2022 (ECF No. 64). Respondent defers the calculation of the amount to be awarded to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$52,280.46**.

## ANALYSIS

**I.      Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. Petitioner's medical history established that he was properly diagnosed with shingles and subsequent neurologic symptoms, and that he received the vaccine at issue. Petitioner also made some effort to a causation theory that the flu vaccine could cause VZV reactivation, and utilized the service of a competent expert, though the theory itself was not preponderantly supported by reliable evidence. In light of the extremely lenient standard that governs reasonable basis determinations, I can easily find the claim possessed sufficient reasonable basis. And otherwise I find no reason to deny a fees award.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:[5]

|  | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| **Ronald Craig Homer** | - | - | $400 | $409 | $421 | $430[6] | - | $447 | $475 |
| **Chistina Ciampolillo** | $213 | $300 | $300 | $307 | $342 | $350 | $380 | $380 | $425 |
| **Meredith Daniels** | - | - | - | $286 | - | $320 | - | $350 | $410 |
| **Joseph Pepper** | - | - | - | - | - | - | - | - | $415 |
| **Patrick Kelly** | - | - | - | - | - | $205 | - | - | - |
| **Lauren Faga** | - | - | - | $271 | - | - | - | - | - |

---

[5] Additionally, Conway, Homer, P.C. had paralegals submit 14.3 hours at an hourly rate of $112.00 per hour; 45.7 hours at an hourly rate of $135.00 per hour; 4.9 hours at an hourly rate of $138.00 per hour; 0.3 hours at an hourly rate of $142.00 per hour; 9 hours at an hourly rate of $145.00 per hour; 0.2 hours at an hourly rate of $155.00 per hour; and 5.7 hours at an hourly rate of $170.00 per hour. *Id.* at 25. The firm also had law clerks showing 10.9 hours expended on this case at an hourly rate of $145.00 per hour. *Id*.

[6] Between August 27-28, 2019, Mr. Homer billed a half rate for travel, as his time was split between this matter and another case. ECF No. 62 at 21.

4

ECF No. 62 at 5–25.

Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The requested rates for the attorneys are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[7] *See McGuinness v. Sec. of Health & Human Servs.*, No. 17-0954V, 2022 WL 524935, at *3 (Fed. Cl. Spec. Mstr. Jan. 26, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## III.  Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $15,974.56 in outstanding costs, including travel, medical record retrieval costs, and the work performed by a single expert, Lawrence Steinman, M.D. ECF No. 38 at 27–58. Dr. Steinman authored two expert reports (ECF Nos. 26, 35), and submitted an invoice for a total of $13,125.00 (for 26.25 hours of work at an hourly rate of $500.00). ECF No. 38 at 58. The total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. *Id*.[8] All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

[8] In other cases involving Dr. Steinman, I have had occasion to take note of his propensity for commenting on Program legal standards, or for unnecessary argumentation with his opposing expert – but none of these objectionable behaviors occurred in this case.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$52,280.46,** reflecting $36,305.90 in attorney's fees and $15,974.56 in costs in the form of a check made jointly payable to Petitioner and his attorney Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[9]

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.